IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL A. STALNAKER,

    Petitioner,          CASE NO. 2:10-CV-1065
                              JUDGE GEORGE C. SMITH
    v.                       MAGISTRATE JUDGE E.A. PRESTON DEAVERS

ROD JOHNSON, WARDEN,

    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the instant *Petition*, Respondent's *Return of Writ*, Petitioner's *Reply* and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

## FACTS and PROCEDURAL HISTORY

The United States District Court for the Northern District of Ohio, Eastern Division summarized the facts and procedural history of this case as follows:

> On December 5, 2003, the Lake County Grand Jury charged Stalnaker with five counts of rape, six counts of gross sexual imposition, and six counts of furnishing alcohol to a minor. Stalnaker pleaded not guilty to the charges and the matter proceeded to a jury trial where he was found guilty as charged. On May 6, 2004, the trial court sentenced Stalnaker to an aggregate prison term of thirty-three years.
>
> On June 15, 2004, Stalnaker timely appealed the conviction to Ohio's Eleventh District Court of Appeals ("state appellate court"), alleging seven assignments of error. *See State v. Stalnaker*, 2005-Ohio-7042, 2005 WL 3610430 (Ohio App. 11 Dist. Dec. 29, 2005). [FN1] On June 24, 2004, the United States Supreme Court decided *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) finding a violation of the Sixth Amendment right to trial by jury where the state sentencing statute permitted a judge to increase the

defendant's sentence based upon factual finding of the judge rather than the jury. On December 29, 2005, the state appellate court affirmed Stalnaker's convictions and sentences.

> FN1. Important to this habeas Petition, Stalnaker alleged that: "Appellant was denied the effective assistance of counsel, and was denied a fair trial in violation of the Ohio and United States Constitutions through the absence of objection to the introduction of prejudicial and irrelevant 'bad act' evidence which was not admissible under Evidence Rule 404(B)." (ECF No. 5, Ex. 17 at 21.) Furthermore, Stalnaker argued that: "Appellant's sentence was imposed in violation of Appellant's constitutional rights under the Sixth and Fourteenth Amendments to the United States Constitution." *Id*. at 32.

On January 9, 2006, Stalnaker filed a motion for reconsideration pursuant to App.R. 26(A), which was denied by the state appellate court on January 27, 2006. Also on January 9, 2006, Stalnaker filed a Notice to Certify Conflict with the state appellate court regarding his fifth assignment of error, which raised two claims: 1) whether his sentence was unconstitutional under O.R.C. § 2929.14(B) because it was based on improper judicial fact-finding which increased the sentence beyond the statutory minimum; and 2) whether the imposition of consecutive prison terms was unconstitutional. The state appellate court found a conflict existed only as to the first issue and certified the question to the Ohio Supreme Court. [FN2] While the certified question was pending, Stalnaker filed a Notice of Appeal with the Ohio Supreme Court. [FN3]

> FN2. Specifically, the question certified to the Ohio Supreme Court was: "Whether the judicial findings mandated under R.C. 2929.14(B) are unconstitutional in light of the United States Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004)." (ECF No. 9 at 7.)

> FN3. The Notice of Appeal presented the two following propositions of law:

> 1. A criminal defendant is denied the effective assistance of counsel in violation of the Sixth Amendment when trial counsel engaged in a bizarre

> trial strategy that invited the introduction of "bad acts" evidence that tended to establish the accused's criminal propensity and in effect sealed the defendant's conviction.
>
> An appellant is denied his constitutional right to an open court under Article I, Section 16 of the Ohio Constitution when an appellate court fails to adequately consider and address each of the arguments submitted in support of a claim of ineffective assistance of counsel. (ECF No. 5, Ex. 30 at i.)

On February 27, 2006, the Ohio Supreme Court decided *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), in which the Court applied *Blakely* to Ohio's sentencing statutes and found portions thereof to be unconstitutional, including O.R.C. §§ 2929.14(B) and (E). On April 26, 2006, the Ohio Supreme Court dismissed the certified question, finding that no conflict existed. *State v. Stalnaker*, 109 Ohio St.3d 1420, 846 N.E.2d 531, 2006-Ohio-1967 (2006) (table) (cause dismissed). Furthermore, the Ohio Supreme Court dismissed Stalnaker's appeal, ruling that it did not involve any substantial constitutional question. *State v. Stalnaker*, 109 Ohio St.3d 1420, 846 N.E.2d 531, 2006-Ohio-1967 (April 26, 2006) (table) (appeal not allowed).

On July 23, 2007, Stalnaker filed the instant [habeas corpus] Petition asserting two grounds for relief:

1. Petitioner's trial counsel provided ineffective assistance of counsel, in violation of the Sixth and Fourteenth Amendments to the United States Constitution, by pursing a bizarre trial strategy that invited the introduction of an avalanche of "bad acts" evidence that tended to establish the accused's criminal propensity and, in effect, sealed Petitioner's conviction.

2. Petitioner was sentenced in violation of Petitioner's constitutional rights under the Sixth and Fourteenth Amendments to the United States Constitution based upon judicial findings which were not admitted by Petitioner or proved to the jury beyond a reasonable doubt, contrary to the rule announced by the United States Supreme Court in *Blakely v. Washington.*

*Stalnaker v. Bobby,* 589 F.Supp. 905, 910-11 (N.D. Ohio 2008). On November 12, 2008, the United

States District Court for the Northern District of Ohio granted Petitioner's prior federal habeas corpus petition on his claim that his sentence violated *Blakely*, and remanded the case to the trial court for re-sentencing. *Id.* On February 13, 2009, the trial court re-sentenced Petitioner to thirty-three years incarceration. *Exhibit 2 to Return of Writ.* Petitioner again filed a timely appeal, asserting the following assignments of error:

> [1.] THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO A MORE-THAN-THE-MINIMUM, CONSECUTIVE PRISON TERM IN VIOLATION OF THE DUE PROCESS AND EX POST FACTO CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS.
>
> [2.] THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO A MORE-THAN-THE-MINIMUM, CONSECUTIVE PRISON TERM IN VIOLATION OF DEFENDANT-APPELLANT'S RIGHT TO DUE PROCESS.
>
> [3.] THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO A MORE-THAN-THE-MINIMUM, CONSECUTIVE PRISON TERM BASED ON THE OHIO SUPREME COURT'S SEVERANCE OF THE OFFENDING PROVISIONS UNDER FOSTER, WHICH WAS AN ACT IN VIOLATION OF THE PRINCIPLE OF SEPARATION OF POWERS.
>
> [4.] THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO A MORE-THAN-THE-MINIMUM, CONSECUTIVE PRISON TERM CONTRARY TO THE RULE OF LENITY.
>
> [5.] THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO A MORE-THAN-THE-MINIMUM, CONSECUTIVE PRISON TERM CONTRARY TO THE INTENT OF THE OHIO LEGISLATORS."

*State v. Stalnaker*, No. 2009-L-039, 2009 WL 3154836, at *2 (Ohio App. 11th Dist. Sept. 30, 2009).

On September 30, 2009, the state appellate court affirmed the judgment of the trial court. *Id.* On

4

December 30, 2009, the Ohio Supreme Court dismissed Petitioner's subsequent appeal. *State v. Stalnaker,* 124 Ohio St.3d 1419 (2009).

On November 24, 2010, Petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleges that he is in the custody of the Respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. A trial court violates an individual's rights under Due Process and the Ex Post Facto Clauses of the Ohio and United States Constitutions when it sentences the individual to more-than-the-minimum prison terms that were not available to the court at the time the individual committed the offense.
>
> 2. A trial court violates an individual's rights to Due Process when it sentences the individual to more-than-the-minimum prison terms with no additional findings made by a jury and when the individual had no actual or constructive notice of the possible sentences.
>
> 3. A trial court violates the principle of Separation of Powers provided in the United States and Ohio Constitution by sentencing an individual to more-than-the-minimum prison terms based on the court's severance of the offending Statute Provisions under *Foster.*
>
> 4. A trial court violates the Rule of Lenity when it imposes more-than-the-minimum prison terms upon an individual where the Rule of Lenity dictated a lesser penalty.
>
> 5. A trial court's decision to sentence an individual to more-than-the-minimum is contrary to the intent of the Ohio Legislature who drafted sentencing provisions with the clear intent of limiting judicial discretion to impose such sentences.

It is the position of the Respondent that Petitioner's claims are without merit.

**MERITS**

All of Petitioner's claims involve the legality of his sentence, and will be considered together here.

The state appellate court rejected these claims as follows:

> The issues contained in appellant's five assignments of error have been addressed by this court in numerous prior decisions. *State v. Elswick*, 11th Dist. No.2006-L-075, 2006-Ohio-7011, discretionary appeal not allowed by *State v. Elswick*, 113 Ohio St.3d 1513, 866 N.E.2d 512, 2007-Ohio-2208; *State v. Green*, 11th Dist. Nos.2005-A-0069 and 2005-A-0070, 2006-Ohio-6695; *State v. Marino,* 11th Dist. No.2006-L-192, 2007-Ohio-2566; *State v. Nicholson*, 11th Dist. No.2006-L-210, 2007-Ohio-2058; *State v. Schaub*, 11th Dist. No.2006-L-126, 2007-Ohio-2853; *State v. Yearian*, 11th Dist. No.2006-P0106, 2007-Ohio-2165; *State v. Hall*, 11th Dist. No.2006-L-226, 2007-Ohio-4950; *State v. Dudas*, 11th Dist. Nos.2006-L-267 and 2006-L-268, 2007-Ohio-6739. Additionally, similar arguments have been consistently rejected by other Ohio appellate districts and federal courts. *See State v. Gibson*, 10th Dist. No. 06AP-509, 2006-Ohio-6899; *State v. Moore*, 3d Dist. No. 1-06-51, 2006-Ohio-6860; *United States v. Portillo-Quezada* (C.A.10, 2006), 469 F.3d 1345. Also, we note that on July 28, 2009, the Supreme Court of Ohio rejected the same arguments in *State v. Elmore,* 122 Ohio St.3d 472, 912 N.E.2d 582, 2009-Ohio-3478, finding that application of *Foster's* severance remedy to defendants who are resentenced after *Foster* does not violate their Sixth Amendment right to a jury trial or the Ex Post Facto or Due Process Clauses of the U.S. Constitution.

*State v. Stalnaker,* 2009 WL 3154836, at *2.

The factual findings of the state appellate court are presumed to be correct. 28 U.S.C. § 2254(e)(1) provides:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Further, a federal habeas court may not grant relief unless the state court's decision was contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence that was presented. 28 U.S.C. §

6

2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Court of Appeals for the Sixth Circuit has summarized this standard as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court on materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from the Supreme Court's decisions but unreasonably applies it to the facts of the petitioner's case.

*Boykin v. Webb,* 541 F.3d 638, 642 (6th Cir. 2008) (quoting *Williams v. Taylor,* 529 U.S. 362 (2000)). Petitioner has failed to meet this standard here.

Petitioner asserts that the trial court's imposition of more than minimum consecutive terms of incarceration violates the Ex Post Facto Clause and due process. In *Hooks v. Sheets*, 603 F.3d 316 (6th Cir. April 27, 2010), the United States Court of Appeals for the Sixth Circuit rejected the argument now presented by Petitioner, at least as it applies to imposition of consecutive terms of incarceration:

> The Ex Post Facto Clause prohibits a state from passing a law that (1) criminalizes an action done before the law was passed, which was innocent when done, (2) " 'aggravates a crime, or makes it greater

than it was, when committed,' " (3) " 'changes the punishment' " to inflict greater punishment than the law provided when the crime was committed, or (4) " 'alters the legal rules of evidence' " so that less or different testimony is required than at the time the offense was committed. *Rogers v. Tennessee*, 532 U.S. 451, 456, 121 S.Ct. 1693, 149 L.Ed.2d 697 (2001) (quoting *Calder v. Bull*, 3 U.S. 386, 390, 3 Dall. 386, 1 L.Ed. 648 (1798)). The Ex Post Facto Clause, however, provides by its terms that it is applicable only to acts of the Legislature, and " 'does not of its own force apply to the Judicial Branch of government.' " *Id*. (quoting *Marks v. United States*, 430 U.S. 188, 191, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977)). Nevertheless, the "limitations on ex post facto judicial decisionmaking are inherent in the notion of due process." *Id*. Consequently, the principles of the Ex Post Facto Clause apply to the courts through the Due Process Clause. *See id.* at 457. Because these principles are viewed through the lens of due process in the judicial context, the constitutionality of judicial action turns on the traditional due process principles of "notice, foreseeability, and, in particular, the right to fair warning," rather than the specific prescriptions of the Ex Post Facto Clause. *Id*. at 458–59.

A state's statutory scheme does not violate the Sixth Amendment simply because it constrains the ability of courts to impose consecutive sentences to situations in which the court has found specific facts. *Oregon v. Ice*, 555 U.S. 160, ––––, 129 S.Ct. 711, 714–15, 172 L.Ed.2d 517 (2009). Instead, a state may allow courts unfettered discretion to impose consecutive sentences or it may limit that authority without violating the Sixth Amendment. Id. At the time Hooks committed his crimes, Ohio permitted the court to impose consecutive rather than concurrent sentences if it found particular facts, see ORC § 2929.14(E)(4), and explained its "reasons for imposing the consecutive sentences," ORC § 2929.19(B)(2)(c). The Ohio Supreme Court nevertheless determined that these statutory provisions violated *Blakely* because they allowed the imposition of longer sentences-consecutive sentences-based upon judicial factfinding. *Foster,* 845 N.E.2d at 491.

Regardless of the court's determination in *Foster*, the maximum sentence to which Hooks was constitutionally subject contemplated consecutive sentences. Hooks would have the court calculate his maximum sentence as being imposed concurrently based solely on the facts found by a jury at the time of sentencing, because he argues that this calculation is mandated by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). However, *Apprendi*

8

> does not limit the calculation of Hooks's potential sentence to concurrent sentences when the judicial fact-finding here is allowed under *Ice.* Thus, Hooks was initially and constitutionally subject to consecutive sentences according to the "guided discretion" of the court. *See Foster*, 845 N.E.2d at 495. Moreover, Hooks was always aware of the potential for consecutive sentences. On re-sentencing post *Foster* he remained subject to consecutive sentences within the discretion of the court. Since Hooks was always subject to consecutive rather than concurrent sentences in the discretion of the trial court, his re-sentencing under *Foster* did not raise ex post facto or due process concerns. We need not reach the broader question of whether re-sentencing under Foster ever violates the Due Process or Ex Post Facto Clauses because Foster's application in Hooks's case does not do so.

*Id.*, at 320–21. Further, this argument has been repeatedly rejected by state and federal courts, including this Court. *Smith v. Brunsman*, 626 F.Supp.2d 786, 793–95 (S.D. Ohio 2009). Petitioner faced the same sentencing range both prior to and after *Foster*. His sentence violated neither the Due Process or Ex Post Facto Clause.

As to Petitioner's assertion that his sentence violated the "rule of lenity," this claim fails to present an issue of constitutional dimension that is appropriate for federal habeas corpus relief. "[T]he rule of lenity is merely a canon of statutory interpretation" and nothing in the Constitution requires the state courts to apply this rule in interpreting state statutes. *See Featherkile v. Warden*, No. 1:07-cv-01023, 2010 WL 546118, at *15-16 (S.D. Ohio Feb. 12, 2010)(citations omitted). "'Application of the rule of lenity ensures that criminal statutes will provide fair warning'" regarding illegal conduct. *Lurie v. Wittner,* 228 F.3d 113, 126 (2nd Cir. 2000)(quoting *Liparota v. United States*, 471 U.S. 419, 427 (1985)). Here, Petitioner does not contend, and the record does not reflect, that the statute under which he was convicted and sentenced was either unconstitutionally vague or otherwise failed to provide him fair notice at the time of his conviction. *See id.* (citing *Poole v. Wood,* 45 F.3d 246, 249 (8th Cir. 1995); *Sabetti v. Dipaolo*, 16 F.3d 16, 19 (1st Cir. 1994)). As

9

discussed, both before and after *Foster*, Petitioner had warning of the penalties he faced as well as the trial court's discretion to impose these penalties. Thus, the "rule of lenity" fails to provide him relief here.

Petitioner's claim that the application of *Foster* violated the doctrine of separation of powers between the judicial and legislative branches likewise fails.

> Such arguments about the structure of a state's governance are matters for the individual states, not for the federal government. The only structural requirement imposed on the states by the Constitution is that each state shall have a republican form of government. Art. IV, § 4. All else, consistent with the federal rights guaranteed a state's citizens, is a matter for the individual states.

*McKitrick v. Smith*, No. 3:08-CV-597, 2009 WL 1067321 *9 n.4 (N.D. Ohio April 21, 2009); *see also Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (claim that trial court's sentence violates separation of powers presents an issue of state law not cognizable for federal habeas review; *Harris v. Wilson*, No. 1:06-cv-2342, 2006 WL 3803410, at *5 (N.D. Ohio Dec. 26, 2006) (claim that Ohio parole board violated doctrine of separation of powers by determining earliest release date constitutes an issue of state law that not appropriate for federal habeas corpus review); *Shahan v. Smith*, No. 2:08-cv-252, 2009 WL 2169194, at *7 (S.D. Ohio July 16, 2009)(rejecting same argument presented here).

Moreover, to the extent Petitioner raises a claim regarding the alleged violation of state law, (as he does in claim five), such claims fail to present issues appropriate for federal habeas corpus relief. A federal court may review a state prisoner's habeas corpus petition only on the grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d

735, 738 (6th Cir.1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir.1988). " '[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure' " in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988). Such are not the circumstances here.

**WHEREUPON**, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation* de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                                   *s/ Elizabeth A. Preston Deavers*
                                                   **Elizabeth A. Preston Deavers**
                                                   **United States Magistrate Judge**

**Date:  June 19, 2012**